UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------X
JOSEPH J. HINCHEY,

                Plaintiffs,                  **Case No.:**

       -against-                      **COMPLAINT**

FIRST UNUM LIFE INSURANCE COMPANY,
UNUM LIFE INSURANCE COMPANY OF      **JURY TRIAL DEMANDED**
AMERICA, and MANHATTANVILLE
COLLEGE,

                Defendant.
------------------------------------------------------------X

Plaintiff, Joseph J. Hinchey, through his attorneys, Iaconis Fusco, LLP, as and for his Complaint against Defendants, alleges as follows:

**PRELIMINARY STATEMENT**

1.    By this action, Plaintiff, Joseph J. Hinchey ("Hinchey"), seeks to recover, pursuant to Employee Retirement Income Security Act of 1974, as amended ("ERISA"), *inter alia*, the long-term disability benefits ("LTD Benefits") to which he is entitled under the terms of an employee benefit plan issued to him through his employer ("Plan").

2.    As set forth below, until he became disabled, Hinchey lived the American dream. Originally hired by Manhattanville College as the Assistant Director of Safety and Security in 2000, Hinchey worked tirelessly to advance to Director of Safety and Security. Hinchey's advancement was the product of his tireless work ethic and dedication to achieve the success. Unfortunately, Hinchey's career was cut short in the summer of 2010 due to paroxysmal atrial fibrillation and aortic valve replacement, which triggered the onset of atrial tachycardia ("Medical Condition").

1

3. Hinchey's Medical Condition has left him constantly battling, *inter alia,* unrelenting and overwhelming, debilitating pain and exhaustion. Unable to continue working, Hinchey filed a disability claim in December 2010, which Defendants granted. Hinchey received LTD Benefits from Defendants' from May 2011 to April 2016. However, on or about April 25, 2016, Defendant First Unum Life Insurance Company arbitrarily and capriciously decided to end Hinchey's LTD Benefits (and denying his appeals of that decision), in violation of federal law. As set forth below, Hinchey, since August 2010, has been, and continues to be, totally disabled under the Plan.

## PARTIES

4. Hinchey is a citizen of the State of New York, County of Westchester.

5. Upon information and belief, Defendant First Unum Life Insurance Company ("First Unum") is an insurance company that is licensed to do, and conducts, business in the State of New York, with a principal place of business at 99 Park Avenue, New York, New York 10016.

6. The Plan is funded by insurance issued by First Unum.

7. Upon information and belief, First Unum is, and at all relevant times herein has been, an administrator of the Plan.

8. Upon information and belief, First Unum is, and at all relevant times herein has been, a fiduciary of the Plan.

9. Upon information and belief, First Unum is, and at all relevant times herein has been, a trustee of the Plan.

10. Upon information and belief, defendant Unum Life Insurance Company of America ("Unum Life") is a foreign insurance company that conducts business in the State of New York (First Unum and Unum Life referred to herein collectively as the "Insurer").

11. Upon information and belief, Unum Life is an insuring entity and/or "Company Fund" of the Plan.

11. Upon information and belief, Unum Life is an insuring entity and/or "Company Fund" of the Plan.

12. Upon information and belie Unum Life is, and at all relevant times herein has been, an administrator of the Plan.

13. Upon information and belief, Unum Life is, and at all relevant times herein has been, a trustee of the Plan.

14. Upon information arid belief, Unum Life is, and at all relevant times herein has been, a fiduciary of the Plan.

15. Upon information and belief, Manhattanville College ("Manhattanville") is, and at all relevant times herein has been, the policyholder, and administrator, trustee, and fiduciary of the Plan.

## JURISDICTION

16. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §1331, in that this is a civil action wherein the matter in controversy arises under the laws of the United States, including, without limitation, 29 U.S.C. §1132 (ERISA).

17. This court has personal jurisdiction over the defendants, in that ERISA provides for nationwide service of process. 29 U.S.C. §1132(e)(2).

## VENUE

18. Venue is proper in this district pursuant to ERISA §502(e)(2), 29 U.S.C. §1132(e)(2), because much of the conduct that is the subject of this lawsuit occurred within this District and multiple defendants conduct business within this District.

19. In or about January 22, 2001, Manhattanville College hired Hinchey as Assistant Director of Safety and Security.

20.     Hinchey remained at Manhattanville College for the next nine and a half years, rising to the position of Director of Safety and Security.

21.     Due to Hinchey's Medical Condition, he was unable to work beyond August 17, 2010, and submitted a claim for LTD Benefits on or about December 8, 2010, under Unum Policy Number 906667 ("LTD Benefits Policy"). Unum assigned claim number 6349350 to Hinchey's LTD Benefits claim ("LTD Benefits Claim").

22.     Hinchey also made a claim for Life Insurance Premium Waiver under Unum Life Insurance Policy number 906616 ("Life Insurance Policy"). Unum assigned claim number 662595 to Hinchey's Life Insurance Waiver claim ("Life Insurance Premium Waiver Claim").

23.     Unum chose to manage Hinchey's LTD Benefits Claims and Hinchey's Life Insurance Premium Waiver Claim concurrently.

24.     As part of Hinchey's LTD Benefits Claim, an Attending Physician Statement ("Physician Statement"), dated December 1, 2010, completed by Dr. Joseph Tartaglia ("Dr. Tartaglia"), Hinchey's cardiologist, indicated Hinchey was unable to work due to atrial tachycardia, with symptoms including chest pain, palpitations, fatigue and dyspnea.

25.     Dr. Tartaglia's Physician Statement also indicated Hinchey could not continuously stand or walk, and that Hinchey could not climb, twist, bend, or stoop or reach above shoulder more than occasionally. The Physician Statement noted that Hinchey could not operate heavy machinery.

26.     Additionally, Dr. Tartaglia wrote that Hinchey could not lift heavy objects and had limited exercise capacity due to heart disease.

27.     Dr. Tartaglia ultimately believed Hinchey should be protected from stressful or combative situations at work.

4

28. Hinchey's doctor, Dr. Michael Fusco ("Dr. Fusco",) also advised Unum that Hinchey as unable to perform full time light work (which included frequent walking and sitting, occasional standing, stooping, and reacting). Dr. Fusco also noted that Hinchey had not reached his maximum improvement and that Hinchey's ability to perform light work in the future was undetermined.

29. A substantial component of Hinchey's job as Director of Security and Safety involved: (1) working as an Emergency Medical Technician (when needed); (2) supervising 30 employees on a campus of 110 acres; (3) overseeing crowd control; (4) patrolling campus; (5) carrying a firearm; (6) training EMTs; (7) managing all transportation ad vehicle maintenance; and (8) performing such other activities like running, driving, and restraining individuals to keep order. Such duties and responsibilities were clearly stressful and/or combative.

30. After a lengthy review of Hinchey's LTD Benefits Claim, including several "roundtables", Unum approved Hinchey's LTD Benefits Claim under the LTD Benefits Policy. On or about May 11, 2011, Hinchey began receiving payments of $2,685.90 per month in LTD Benefits from Unum.

31. After Unum performed a further review, on or about May 3, 2011, Unum approved Hinchey's Life Insurance Premium Waiver Claim under the Unum Life Insurance Policy. Effective May 18, 2011, Hinchey had life insurance coverage in the amount of $100,000 and $250,000. Unum specifically noted that this coverage would be provided to Hinchey as long as Hinchey met the definition of disability under the Unum LTD Benefits Policy and Unum Life Insurance Policy.

32. At this time, Unum recommended that Hinchey's LTD Benefits Claim and

Insurance Premium Waiver Claim be monitored annually.

33. On or about June 14, 2012, Unum sought updated information from Hinchey regarding his Medical Condition in order to determine whether Hinchey still qualified for LTD Benefits and Life Insurance waiver. At that time, Unum did not change the LTD Benefits or Life Insurance waiver.

34. On or about July 24, 2013, Unum again began reviewing Hinchey's LTD Benefits Claim. Upon reviewing medical records from Dr. Tartaglia and Dr. Fusco, and conversations with Hinchey, Unum determined that Hinchey was unable to return to work and that his LTD Benefits should continue. Notably, Unum recommended that Hinchey's LTD Benefits Claim continue to be monitored annually.

35. On or about September 8, 2014, Unum began a subsequent review of Hinchey's LTD Benefits Claim. Based upon Unum's conversations with Hinchey, Unum determined that "Hinchey would not have capacity to sustain a gainful occupation on a predicable basis." As a result, Unum maintained Hinchey's LTD Benefits, but recommended that his claim be monitored annually.

36. On or about September 8, 2015, Unum again began reviewing Hinchey's LTD Benefits Claim. An Attending Physician statement submitted to Unum by Dr. Tartaglia indicated that Hinchey "can't lift heavy weight due to chest wall pain, can't run, no heavy exertion. He gets frequent palpitations with exertion . . . no standing greater than 30 minutes." Unum determined that Hinchey was unable to return to work and that his LTD Benefits should continue. Notably, Unum recommended that Hinchey's LTD Benefits Claim continue to be monitored annually.

37. Despite this determination, on or about November 3, 2015, Unum began another review of Hinchey's LTD Benefits Claim.

38. On or about November 30, 2015, Unum contacted Hinchey and advised Hinchey that Unum would be obtaining "updated records and disability opinion from [his] doctors for recertification review…"

39. By letter, dated December 1, 2015, Unum sent an inquiry to Dr. Fusco regarding Hinchey's work capacity. On or about December 10, 2015, Dr. Fusco responded to Unum and advised that Hinchey could not return to work.

40. By letter, dated December 1, 2015, Unum also sent an inquiry to Dr. Tartaglia regarding Hinchey's work capacity. Dr. Tartaglia responded and indicated Hinchey could not perform various activities associated with work capacity on a full-time basis. Dr. Tartaglia further explained that Hinchey cannot: (1) lift heavy weight due to chest wall pain; (2) run; and (3) have heavy exertion. Dr. Tartaglia also noted that Hinchey cannot stand for long periods of time and that Hinchey has frequent palpitations.

41. On or about January 14, 2016, Deborah Ainscough, RN ("Ainscough"), a clinical consultant for Unum completed a review of Hinchey's medical records. Ainscough, in complete contradiction with Dr. Fusco and Dr. Tartaglia, found that Hinchey's medical records did not prelude Hinchey from working and that "[i]t us unclear as to what is causing the physical symptoms [Hinchey] is describing as there are no diagnostic or exam findings to correlate to this level of functional capacity." Despite making this conclusion, Ainscough called for an updated echocardiogram. However, neither Ainscough nor Unum ever performed an echocardiogram, let alone any other testing or examination on Hinchey.

42. Unum then referred Hinchey's claims to Catriona Shepard, M.D. ("Shepard"), a medical consultant employed by Unum. Shepard is a physician certified in family medicine and has no expertise in cardiology or Hinchey's Medical Condition.

43. Despite Dr. Fusco's December 10, 2015 response that Hinchey could not return to work, on or about February 24, 2016, Unum, through Shepard, wrote to Dr. Fusco regarding Hinchey's ability to return to work based upon Unum's review of Dr. Fusco's records. By facsimile on March 1, 2016, Dr. Fusco responded to Unum's February 24, 2016 letter and again advised Unum that Hinchey could not return to work due to Hinchey's medical condition. Dr. Fusco also advised Unum that returning to work would "jeopardize [Hinchey's] cardiac condition" and that Hinchey "may not resume both the physical and emotional conditions that he was requested to perform."

44. By letter dated February 25, 2016, Unum, through Shepard, memorialized a conversation with Dr. Tartaglia regarding Hinchey's ability to return to work. The conversation between Shepard and Dr. Tartaglia allegedly took place on or about February 24, 2016. During his conversation with Shepard, Dr. Tartaglia advised Unum that Hinchey was not capable of performing occupation demands on a full-time basis.

45. Despite the fact that Dr. Fusco (Hinchey's regular treating physician) and Dr. Tartaglia (Hinchey's cardiologist) disagreed with Shepard regarding Hinchey's occupational demands and his ability to return to work, Shepard concluded that Hinchey's medical "records fail to support [Hinchey] is currently precluded from demands [of Hinchey's occupation] on a fulltime sustained basis." Inexplicitly, and in contrast with Ainscough's initial review, Shepard indicated that no examination of Hinchey was warranted.

46. By letter, dated April 25, 2016, Unum informed Hinchey that it was terminating his LTD Benefits under the Plan because Unum determined he was able to perform duties of his regular occupation and "[b]ecause [Hinchey is] not disabled according to the policy, benefits are not payable."

47. Upon information and belief, Unum made no effort to investigate further Dr. Fusco's and Dr. Tartaglia's assertions in February 2016 that Hinchey could not return to work and perform his occupational duties before issuing its decision to terminate benefits. Moreover, there is no evidence that Unum sought further testing, including an updated echocardiogram, as requested by Ainscough, Unum's own evaluator on this claim.

48. On or about May 9, 2016, Hinchey timely requested an appeal of Unum's arbitrary and capricious decision to terminate his benefits and insurance premium waiver. Additional records from Dr. Tartaglia were provided to Unum on May 19, 2016, and from Dr. Fusco on May 31, 2016. On or about August 2, 2016, Hinchey provided Unum with a subsequent letter from Dr. Tartaglia, dated July 27, 2016, indicating that Hinchey could not return to work.

49. On or about September 15, 2016, Unum issued another arbitrary and capricious decision regarding Hinchey's appeal. Unum upheld its initial decision to terminate Hinchey's LTD Benefits and Life Insurance Premium Waiver.

50. Hinchey has exhausted his administrative remedies provided by the Plan and required by ERISA.

51. Hinchey is entitled to LTD Benefits and Insurance Premium Waiver under the terms of the Plan.

## **FIRST CAUSE OF ACTION**

52. Hinchey repeats and realleges the allegations contained in the preceding paragraphs 1 through 51 inclusive, as if set forth fully herein.

53. Hinchey is, and at all relevant times herein has been, a participant and beneficiary under the terms of the Plan.

54. Hinchey has met all requirements under the Plan.

9

55. Hinchey timely applied for LTD Benefits and Insurance Premium Waiver under the Plan.

56. Under the Plan, Disability is defined as follows:

> You are disabled when [First] Unum determines that:
>
> -you are **limited** from performing the **material and substantial duties** of your **regular occupation** due to your **sickness** or **injury;** and
>
> -you have a 20% or more loss in your **indexed monthly earnings** due to the same sickness or injury.

57. In order to be considered Disabled, the Plan further requires that Hinchey be under the regular care of a physician -- a provision that Hinchey has fully complied with, as he has been under the care of Drs. Tartaglia and Fusco and other physicians since he initially filed for LTD Benefits and Insurance Premium Waiver.

58. At all relevant times herein, since on or about August 17, 2010, Hinchey has been Disabled under the terms of the Plan.

59. Under the Plan, if a beneficiary and/or Plan participant suffers from a Disability (as that term is defined in the Plan), such beneficiary and/or Plan participant is entitled to receive LTD Benefits and Insurance Premium Waiver.

60. Despite being Disabled, Defendants have refused to pay Hinchey his LTD Benefits or continue the Insurance Premium Waiver.

61. Hinchey has exhausted all applicable administrative appeals.

62. The Defendants' denial of Hinchey's LTD Benefits and Insurance Premium Waiver, and his administrative appeals, is and has been wrongful, illegal, arbitrary and capricious,

lacking in substantial evidence, in bad faith, and is otherwise violative of the Plan, as well as the provisions and regulations of ERISA.

63. Upon information and belief, Unum's termination of benefits is arbitrary and capricious, wrongful, improper, and in violation of the terms of the Plan, because, inter alia, (i) although it first deemed Hinchey's medical evidence of disability satisfactory and approved LTD Benefits and Insurance Premium Waiver thereon, it subsequently terminated benefits even though the quality of Hinchey's medical evidence did not change, nor did he experience a substantial improvement in his Medical Condition; (ii) it ignored the opinions of Hinchey's long-term treating physicians and chose instead to rely on the opinions of its own in-house nurse and physician (whom had no relevant expertise), without benefit of an independent medical opinion or a direct physical examination of Hinchey; (iii) it completely ignored Hinchey's self-report regarding the substantial impact of his illness on his ability to perform his occupational duties; (iv) it ignored, and failed to investigate or contradict, the evidence submitted by Hinchey regarding the actual demands of his occupation as performed in the relevant labor market; and thereby ignored the Plan's definition of occupation as the occupation Hinchey routinely performed when his disability began; (v) challenged the diagnosis of a specialist in cardiology, based solely upon the opinion of a family medicine practitioner – who had no training as a cardiologist; (vi) conducted secret roundtables at which strategies regarding the handling of Hinchey's claim and denial of benefits were discussed by undisclosed parties.

64. By reason of the foregoing, Hinchey is entitled to an order: (i) directing Defendants to make equitable restitution with respect to, and/or otherwise make payment of, all back LTD Benefits from April 26, 2016 to date, including prejudgment interest; (ii) declaring that Hinchey is entitled to continue receiving his LTD Benefits for so long as he continues to suffer from the

Conditions identified herein; (iii) reinstating Hinchey's Insurance Premium Waiver under the Plan; and (iv) directing Defendants to pay and reimburse Hinchey for his reasonable attorneys' fees and costs, pursuant to 29 U.S.C. § 1132(g)(l).

## PRAYER FOR RELIEF

**WHEREFORE,** for the reasons stated, Dimitra is entitled to judgment over and against Defendants as follows:

(i) directing Defendants to make equitable restitution with respect to, and/or otherwise make payment of, all back LTD Benefits from April 26, 2016, to date;

(ii) declaring that Hinchey is entitled to continue receiving his LTD Benefits for so long as he continues to be disabled under the terms of the Policy;

(iii) reinstating Hinchey's life insurance policy under the Plan;

(iv) awarding Hinchey reasonable attorneys' fees and costs; and

(v) such other relief as this Court may deem just and proper.

Dated: Malverne, New York
October 17, 2017

Respectfully submitted,

/s/
_____
Joseph P. Fusco, Esq. (JF5110)
IACONIS FUSCO, LLP
Attorneys for Plaintiff
340 Trinity Place
Malverne, NY 11565
(516) 535-9295